NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2208
_____

UNITED STATES OF AMERICA

v.

ADOLPHUS NOEL MCNEIL,

Adolphus McNeil,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cr-00320-001)
District Judge: Hon. James M. Munley
_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed March 3, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Appellant Adolphus McNeil raises two issues for our review. He contends that (1)

the District Court erred in denying his Motion to Suppress, on the basis that it

erroneously determined he was not in custody, and (2) the District Court abused its discretion by dismissing his original Indictment without prejudice, rather than with prejudice. For the reasons that follow, we will affirm the District Court.[1]

The parties are familiar with the facts and the proceedings in the District Court, so we will not revisit them in detail here.

Regarding the District Court's denial of McNeil's Motion to Suppress, the parties agree that the only issue is whether McNeil was in custody when he made the statements to Agent Langan. To determine whether an individual is in custody when he has not been arrested, we inquire whether there is a "restraint on freedom of movement of the degree associated with a formal arrest." United States v. Leese, 176 F.3d 740, 743 (3d Cir. 1999) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). We have identified the following relevant factors: "(1) whether the officers told the suspect he was under arrest or free to leave; (2) the location or physical surroundings of the interrogation; (3) the length of the interrogation; (4) whether the officers used coercive tactics such as hostile tones of voice, the display of weapons, or physical restraint of the suspect's movement; and (5) whether the suspect voluntarily submitted to questioning." United States v. Willaman, 437 F.3d 354, 359-360 (3d Cir. 2006).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. "[W]e exercise plenary review with respect to the district court's determination as to whether the police conduct found to have occurred constitutes custodial interrogation under all the circumstances of the case." United States v. Willaman, 437 F.3d 354, 359 (3d Cir. 2006) (citation omitted). We review a district court's decision to dismiss an indictment with or without prejudice for abuse of discretion. United States v. Taylor, 487 U.S. 326, 335-337 (1988).

2

The District Court held that McNeil was not restrained to the degree of a formal arrest. According to the Court:

> Though [McNeil] had been stopped by police, he had not been told he was in custody, had not been placed in handcuffs or told to sit inside a police cruiser. No officer had drawn his gun. The events occurred on a public way, shortly after [Trooper] Langman stopped defendant's car. Moreover, defendant made his statement to Agent Langan as he stood on the street and Langan sat in his car.

App. 23. McNeil does not contest the District Court's factual description of the events. He instead seeks to convince us that he was restrained to the degree of a formal arrest under the circumstances, including the fact that his daughter was put at some point in Agent Langan's car.[2]

Given the factual circumstances surrounding McNeil's questioning by Agent Langan, we agree with the District Court that McNeil was not restrained to the degree of a formal arrest. Our review of the record indicates that all five of the Willaman factors tilt in favor of such a determination. We therefore hold that the District Court properly denied McNeil's Motion to Suppress.

The second issue before us is whether the District Court exceeded its discretion in dismissing McNeil's original Indictment without prejudice, rather than with prejudice, after the government failed to conduct a trial within the 70-day window of the Speedy Trial Act. See 18 U.S.C. §§ 3161(c)(1), 3162(a)(2).

---

[2] To the extent the government contends that McNeil "waived" his ability to mention the presence of his daughter, see Appellee's Br. 30, we agree with McNeil that he preserved the issue of whether or not he was in custody, and that he can reference specific record evidence in support of that issue, see Appellant's Reply Br. 4-5.

Once a defendant establishes a violation of the Speedy Trial Act, the district court must dismiss the indictment. Id. § 3162(a)(2). To decide whether to dismiss with or without prejudice, the court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id.; see also United States v. Taylor, 487 U.S. 326, 336 (1988) (requiring the district court to "carefully consider [the § 3162(a)(2)] factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review").

McNeil contends that the District Court failed to meaningfully consider the § 3162(a)(2) factors. Had it done so, according to McNeil, it would have dismissed his Indictment with prejudice. We disagree. The District Court identified the factors and carefully analyzed them. Its analysis was sound, and we determine the Court acted within its discretion in dismissing the Indictment without prejudice. See Taylor, 487 U.S. at 337 ("[W]hen the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed.").

Accordingly, we hold that the District Court properly denied McNeil's Motion to Suppress and that it did not exceed its discretion in dismissing the original Indictment without prejudice.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.